01

02

03

04

05

06                            UNITED STATES DISTRICT COURT
                            WESTERN DISTRICT OF WASHINGTON
07                                      AT SEATTLE

08  JOEL CHRISTOPHER HOLMES,                 )
                                             )   CASE NO. C12-0729-MAT
09          Plaintiff,                       )
                                             )
10          v.                               )   ORDER REGARDING PENDING
                                             )   MOTION AND SERVICE, AND
11  STATE OF WASHINGTON, et al.,             )   DIRECTING PLAINTIFF TO SHOW
                                             )   CAUSE
12          Defendants.                      )
    _____ )

13

14          Plaintiff proceeds *pro se* and *in forma pauperis* (IFP) in this 42 U.S.C. § 1983 matter.

15  In a complaint filed on April 26, 2012, plaintiff alleged violation of his constitutional rights

16  through the forcible collection of $4,429.63 in "so-called appellate recoupment costs," and

17  named the State of Washington and King County Prosecutor Daniel T. Satterburg as

18  defendants.  (Dkt. 3.)   The parties, in a Joint Status Report and Discovery Plan filed August

19  16, 2012, consented to proceed before the undersigned.   (Dkt. 7.)   The status report reflected

20  that plaintiff had not yet served defendants in this matter, that Satterburg was willing to waive

21  service but did not have authority to waive service for the State of Washington, and that

22  plaintiff would serve the Washington Attorney General and provide proof of service to the

ORDER
PAGE -1

01 Court.  (*Id*. at 4.)  Plaintiff subsequently submitted a "Motion to Add Respondents" in which

02 he adds "The Office of Washington State Attorney General" as a respondent and certifies he has

03 served that entity with a summons and complaint.  (Dkt. 8.)  Now, having considered the

04 docket in this matter, the Court finds and concludes as follows:

05   (1) Read in conjunction with the joint status report, it appears that plaintiff's

06 pending motion documents service on the State of Washington, rather than reflecting plaintiff's

07 intention to add the Office of the Washington State Attorney General as a defendant.  The

08 Court, accordingly, STRIKES the pending motion (Dkt. 8) from the docket.

09   (2) As reflected above, it appears that defendant Satterberg waived service in the

10 August 16, 2012 joint status report.  (*See* Dkt. 7 at 4.)  (*See also* Dkt. 4 (notice of

11 appearance).)  Satterberg would, therefore, normally have sixty days after the joint status

12 report to file and serve an answer to the Complaint or a motion permitted under Rule 12 of the

13 Federal Rules of Civil Procedure.  Likewise, assuming service has occurred, the State of

14 Washington would be required to submit an answer or Rule 12 motion in accordance with the

15 rules.  However, as discussed below, the Court finds deficiencies in the Complaint as stated

16 against both defendants.  The Court will, accordingly, address defendants' obligation to

17 respond to the Complaint or an Amended Complaint following plaintiff's response to this

18 Order.

19   (3) Any complaint filed pursuant to the IFP provisions of 28 U.S.C. § 1915(a) is

20 subject to a mandatory and sua sponte review by the Court, and a dismissal is warranted if the

21 Court finds the complaint is "frivolous, malicious, fail[s] to state a claim upon which relief may

22 be granted, or seek[s] monetary relief from a defendant immune from such relief."  28 U.S.C. §

ORDER
PAGE -2

01  1915(e)(2)(B).   *See also Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he

02  provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners.").   In order to sustain a §

03  1983 claim, plaintiff must show (1) that he suffered a violation of rights protected by the

04  Constitution or created by federal statute, and (2) that the violation was proximately caused by a

05  person acting under color of state or federal law.   *West v. Atkins*, 487 U.S. 42, 48 (1988);

06  *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).   The Court, having reviewed

07  plaintiff's Complaint, observes the following:

08          (a)     "The Eleventh Amendment prohibits federal courts from hearing suits

09  brought against an unconsenting state." *Brooks v. Sulphur Springs Valley Elec. Coop.*, 951

10  F.2d 1050, 1053 (9th Cir. 1991) (cited sources omitted).   *Accord Will v. Michigan Dep't of*

11  *State Police*, 491 U.S. 58, 66 (1989).   This jurisdictional bar extends to state agencies and

12  departments, and applies whether legal or equitable relief is sought.   *Brooks*, 951 F.2d at 1053

13  (citing *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984)).   *See also*

14  *California Franchise Tax Bd. v. Jackson*, 184 F.3d 1046, 1048 (9th Cir. 1999) (Eleventh

15  Amendment immunity "can be raised by a party at any time during judicial proceedings or by

16  the court sua sponte.") (cited cases omitted).   Further, a state is not "person" within the

17  meaning of § 1983.   *Will*, 491 U.S. at 65-66; *Doe v. Lawrence Livermore Nat'l Lab.*, 131 F.3d

18  836, 839 (9th Cir. 1997).   Plaintiff's claims against the State of Washington, therefore, appear

19  to be subject to dismissal.[1]

20  —————————————————————————————————

21      1 Again, it does not appear that plaintiff seeks to add the Office of the Washington State Attorney General as a defendant.   However, if the Court misconstrues plaintiff's intention, he is advised that, as reflected above, the Eleventh Amendment would also bar suit against any state agencies

22  or departments.   *Brooks*, 951 F.2d at 1053.   *See also Cerrato v. San Francisco Comty. Coll. Dist.*, 26 F.3d 968, 972 (9th Cir. 1994) (the Eleventh Amendment bars a federal court from hearing claims against "dependent instrumentalities of the state.") (citing *Pennhurst State Sch. & Hosp.*, 465 U.S. 89).

ORDER
PAGE -3

01            (b)      Section 1983 claims for monetary damages against prosecutors are

02   barred by absolute prosecutorial immunity.  *Imbler v. Pachtman*, 424 U.S. 409, 430-31(1976)

03   (prosecutorial immunity).  Prosecutorial immunity applies to conduct "intimately associated

04   with the judicial phase of the criminal process," protecting prosecutors when performing

05   traditional activities related to the initiation and presentation of criminal prosecutions.  *Id.*;

06   *accord Botello v. Gammick*, 413 F.3d 971, 976 (9th Cir. 2005) ("[I]t is well established that a

07   prosecutor has absolute immunity for the decision to prosecute a particular case[.]")

08   Allegations of, for example, malicious prosecution, conspiracy to predetermine the outcome of

09   a proceeding, or suppression or destruction of evidence are subject to dismissal on grounds of

10   prosecutorial immunity.  *See*, *e.g.*, *Milstein v. Cooley*, 257 F.3d 1004, 1008-09 (9th Cir. 2001);

11   *Ashelman v. Pope*, 793 F.2d 1072, 1078 (9th Cir. 1986); *Ybarra v. Reno Thunderbird Mobile*

12   *Home Village*, 723 F.2d 675, 677-80 (9th Cir. 1984).   In this case, plaintiff may target conduct

13   protected by prosecutorial immunity.

14            (c)      A plaintiff in a § 1983 action must allege facts showing how individually

15   named defendants caused or personally participated in causing the harm alleged in the

16   complaint.  *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981).  A plaintiff may not hold

17   supervisory personnel liable under § 1983 for constitutional deprivations under a theory of

18   supervisory liability.  *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).  Rather, a plaintiff

19   must allege that a defendant's own conduct violated the plaintiff's civil rights.   Here, plaintiff

20   fails to explain how defendant Satterberg caused or personally participated in causing the harm

21   challenged in the complaint.

22            (d)      Given the above, plaintiff is directed to SHOW CAUSE, within **thirty**

ORDER
PAGE -4

01 **(30) days** of this Order, why his claims against the State of Washington and Satterberg should

02 not be dismissed.  Should plaintiff seek to respond to this Order with an amended complaint,

03 he is advised that the amended complaint must be filed under the same case number as this one,

04 and will operate as a complete substitute for, rather than a mere supplement to, the present

05 complaint.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).  **If no response or**

06 **amended complaint is timely filed, or if plaintiff files an amended complaint that fails to**

07 **correct the deficiencies identified above, the Court may dismiss this matter under 28**

08 **U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted.**

09     (4)    The Court also takes this opportunity to remind the parties of the following

10 procedures:

11     (a)    <u>Filing and Service by Parties, Generally</u>:

12     All attorneys admitted to practice before this Court are required to file documents

13 electronically via the Court's CM/ECF system.  Counsel are directed to the Court's website,

14 www.wawd.uscourts.gov , for a detailed description of the requirements for filing via CM/ECF.

15 All non-attorneys, such as pro se parties and/or prisoners, may continue to file a paper original

16 with the Clerk.

17     All filings, whether filed electronically or in traditional paper format, must indicate in

18 the upper right hand corner the name of the magistrate judge to whom the document is directed.

19 For any party filing electronically, when the total of all pages of a filing exceeds fifty (50) pages

20 in length, a paper copy of the document (with tabs or other organizing aids as necessary) shall

21 be delivered to the Clerk's Office for chambers.  The chambers copy must be clearly marked

22 with the words "Courtesy Copy of Electronic Filing for Chambers."  Finally, <u>any document</u>

ORDER
PAGE -5

01 filed with the Court must be accompanied by proof that it has been served upon all parties that

02 have entered a notice of appearance in the underlying matter.

03          (b)      Motions:

04          Regarding the filing of motions before the Court, the parties are directed to review

05 Local Rule CR 7 in its entirety.   A few important points are highlighted below:

06          Any request for court action shall be set forth in a motion, properly filed and served.

07 Pursuant to amended Local Rule CR 7(b), any argument being offered in support of a motion

08 shall be submitted as a part of the motion itself and not in a separate document.  **The motion**

09 **shall include in its caption (immediately below the title of the motion) a designation of the**

10 **date the motion is to be noted for consideration upon the court's motion calendar.**   All

11 dispositive motions shall be noted for consideration no earlier than the fourth (4th) Friday

12 following filing and service of the motion.

13          (c)      Direct Communications with Judge:

14          No direct communication is to take place with the Judge with regard to this case.  **All**

15 **relevant information and papers are to be directed to the Clerk.**

16          (5)      The Clerk is directed to send a copy of this Order to the parties, and a copy of the

17 General Order to plaintiff.   The Clerk is also directed to send a copy of this Order to the Office

18 of the Washington State Attorney General.

19          DATED this 19th day of September, 2012.

20

21

22                                         Mary Alice Theiler
                                           United States Magistrate Judge

ORDER
PAGE -6