UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOEL CHRISTOPHER HOLMES, ) | |
| ) | CASE NO. C12-0729-MAT |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER REGARDING PENDING |
| ) | MOTION AND SERVICE, AND |
| STATE OF WASHINGTON, et al., ) | DIRECTING PLAINTIFF TO SHOW |
| ) | CAUSE |
| Defendants. ) | |
| ) | |

Plaintiff proceeds *pro se* and *in forma pauperis* (IFP) in this 42 U.S.C. § 1983 matter. In a complaint filed on April 26, 2012, plaintiff alleged violation of his constitutional rights through the forcible collection of $4,429.63 in "so-called appellate recoupment costs," and named the State of Washington and King County Prosecutor Daniel T. Satterburg as defendants. (Dkt. 3.) The parties, in a Joint Status Report and Discovery Plan filed August 16, 2012, consented to proceed before the undersigned. (Dkt. 7.) The status report reflected that plaintiff had not yet served defendants in this matter, that Satterburg was willing to waive service but did not have authority to waive service for the State of Washington, and that plaintiff would serve the Washington Attorney General and provide proof of service to the

ORDER
PAGE -1

Court. (*Id*. at 4.) Plaintiff subsequently submitted a "Motion to Add Respondents" in which he adds "The Office of Washington State Attorney General" as a respondent and certifies he has served that entity with a summons and complaint. (Dkt. 8.) Now, having considered the docket in this matter, the Court finds and concludes as follows:

(1) Read in conjunction with the joint status report, it appears that plaintiff's pending motion documents service on the State of Washington, rather than reflecting plaintiff's intention to add the Office of the Washington State Attorney General as a defendant. The Court, accordingly, STRIKES the pending motion (Dkt. 8) from the docket.

(2) As reflected above, it appears that defendant Satterberg waived service in the August 16, 2012 joint status report. (*See* Dkt. 7 at 4.) (*See also* Dkt. 4 (notice of appearance).) Satterberg would, therefore, normally have sixty days after the joint status report to file and serve an answer to the Complaint or a motion permitted under Rule 12 of the Federal Rules of Civil Procedure. Likewise, assuming service has occurred, the State of Washington would be required to submit an answer or Rule 12 motion in accordance with the rules. However, as discussed below, the Court finds deficiencies in the Complaint as stated against both defendants. The Court will, accordingly, address defendants' obligation to respond to the Complaint or an Amended Complaint following plaintiff's response to this Order.

(3) Any complaint filed pursuant to the IFP provisions of 28 U.S.C. § 1915(a) is subject to a mandatory and sua sponte review by the Court, and a dismissal is warranted if the Court finds the complaint is "frivolous, malicious, fail[s] to state a claim upon which relief may be granted, or seek[s] monetary relief from a defendant immune from such relief." 28 U.S.C. §

1915(e)(2)(B). *See also Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."). In order to sustain a § 1983 claim, plaintiff must show (1) that he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) that the violation was proximately caused by a person acting under color of state or federal law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). The Court, having reviewed plaintiff's Complaint, observes the following:

    (a)    "The Eleventh Amendment prohibits federal courts from hearing suits brought against an unconsenting state." *Brooks v. Sulphur Springs Valley Elec. Coop.*, 951 F.2d 1050, 1053 (9th Cir. 1991) (cited sources omitted). *Accord Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989). This jurisdictional bar extends to state agencies and departments, and applies whether legal or equitable relief is sought. *Brooks*, 951 F.2d at 1053 (citing *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984)). *See also California Franchise Tax Bd. v. Jackson*, 184 F.3d 1046, 1048 (9th Cir. 1999) (Eleventh Amendment immunity "can be raised by a party at any time during judicial proceedings or by the court sua sponte.") (cited cases omitted). Further, a state is not "person" within the meaning of § 1983. *Will*, 491 U.S. at 65-66; *Doe v. Lawrence Livermore Nat'l Lab.*, 131 F.3d 836, 839 (9th Cir. 1997). Plaintiff's claims against the State of Washington, therefore, appear to be subject to dismissal.[1]

---

[1] Again, it does not appear that plaintiff seeks to add the Office of the Washington State Attorney General as a defendant. However, if the Court misconstrues plaintiff's intention, he is advised that, as reflected above, the Eleventh Amendment would also bar suit against any state agencies or departments. *Brooks*, 951 F.2d at 1053. *See also Cerrato v. San Francisco Comty. Coll. Dist.*, 26 F.3d 968, 972 (9th Cir. 1994) (the Eleventh Amendment bars a federal court from hearing claims against "dependent instrumentalities of the state.") (citing *Pennhurst State Sch. & Hosp.*, 465 U.S. 89).

ORDER
PAGE -3

(b) Section 1983 claims for monetary damages against prosecutors are barred by absolute prosecutorial immunity. *Imbler v. Pachtman*, 424 U.S. 409, 430-31(1976) (prosecutorial immunity). Prosecutorial immunity applies to conduct "intimately associated with the judicial phase of the criminal process," protecting prosecutors when performing traditional activities related to the initiation and presentation of criminal prosecutions. *Id.*; *accord Botello v. Gammick*, 413 F.3d 971, 976 (9th Cir. 2005) ("[I]t is well established that a prosecutor has absolute immunity for the decision to prosecute a particular case[.]") Allegations of, for example, malicious prosecution, conspiracy to predetermine the outcome of a proceeding, or suppression or destruction of evidence are subject to dismissal on grounds of prosecutorial immunity. *See*, *e.g.*, *Milstein v. Cooley*, 257 F.3d 1004, 1008-09 (9th Cir. 2001); *Ashelman v. Pope*, 793 F.2d 1072, 1078 (9th Cir. 1986); *Ybarra v. Reno Thunderbird Mobile Home Village*, 723 F.2d 675, 677-80 (9th Cir. 1984). In this case, plaintiff may target conduct protected by prosecutorial immunity.

(c) A plaintiff in a § 1983 action must allege facts showing how individually named defendants caused or personally participated in causing the harm alleged in the complaint. *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981). A plaintiff may not hold supervisory personnel liable under § 1983 for constitutional deprivations under a theory of supervisory liability. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Rather, a plaintiff must allege that a defendant's own conduct violated the plaintiff's civil rights. Here, plaintiff fails to explain how defendant Satterberg caused or personally participated in causing the harm challenged in the complaint.

(d) Given the above, plaintiff is directed to SHOW CAUSE, within **thirty**

**(30) days** of this Order, why his claims against the State of Washington and Satterberg should not be dismissed.  Should plaintiff seek to respond to this Order with an amended complaint, he is advised that the amended complaint must be filed under the same case number as this one, and will operate as a complete substitute for, rather than a mere supplement to, the present complaint.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).  **If no response or amended complaint is timely filed, or if plaintiff files an amended complaint that fails to correct the deficiencies identified above, the Court may dismiss this matter under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted.**

(4) The Court also takes this opportunity to remind the parties of the following procedures:

(a) <u>Filing and Service by Parties, Generally</u>:

All attorneys admitted to practice before this Court are required to file documents electronically via the Court's CM/ECF system.  Counsel are directed to the Court's website, www.wawd.uscourts.gov , for a detailed description of the requirements for filing via CM/ECF. All non-attorneys, such as pro se parties and/or prisoners, may continue to file a paper original with the Clerk.

All filings, whether filed electronically or in traditional paper format, must indicate in the upper right hand corner the name of the magistrate judge to whom the document is directed. For any party filing electronically, when the total of all pages of a filing exceeds fifty (50) pages in length, a paper copy of the document (with tabs or other organizing aids as necessary) shall be delivered to the Clerk's Office for chambers.  The chambers copy must be clearly marked with the words "Courtesy Copy of Electronic Filing for Chambers."  Finally, <u>any document</u>

ORDER
PAGE -5

<u>filed with the Court must be accompanied by proof that it has been served upon all parties that have entered a notice of appearance in the underlying matter</u>.

(b) <u>Motions</u>:

Regarding the filing of motions before the Court, the parties are directed to review Local Rule CR 7 in its entirety. A few important points are highlighted below:

Any request for court action shall be set forth in a motion, properly filed and served. Pursuant to amended Local Rule CR 7(b), any argument being offered in support of a motion shall be submitted as a part of the motion itself and not in a separate document. **The motion shall include in its caption (immediately below the title of the motion) a designation of the date the motion is to be noted for consideration upon the court's motion calendar.** All dispositive motions shall be noted for consideration no earlier than the fourth (4th) Friday following filing and service of the motion.

(c) <u>Direct Communications with Judge</u>:

No direct communication is to take place with the Judge with regard to this case. **All relevant information and papers are to be directed to the Clerk.**

(5) The Clerk is directed to send a copy of this Order to the parties, and a copy of the General Order to plaintiff. The Clerk is also directed to send a copy of this Order to the Office of the Washington State Attorney General.

DATED this <u>19th</u> day of September, 2012.

/s/ Mary Alice Theiler
Mary Alice Theiler
United States Magistrate Judge

ORDER
PAGE -6