01

02

03

04

05

06                              UNITED STATES DISTRICT COURT
                               WESTERN DISTRICT OF WASHINGTON
07                                        AT SEATTLE

08  JOEL CHRISTOPHER HOLMES,                    )
                                                )   CASE NO. C12-0729-MAT
09            Plaintiff,                         )
                                                )
10        v.                                     )   ORDER OF DISMISSAL
                                                )
11  STATE OF WASHINGTON, et al.,                 )
                                                )
12            Defendants.                        )
    _____    )

13

14                          INTRODUCTION AND DISCUSSION

15          Plaintiff proceeds *pro se* and *in forma pauperis* (IFP) in this 42 U.S.C. § 1983 matter.

16  Plaintiff alleged violation of his constitutional rights through the forcible collection of

17  $4,429.63 in "so-called appellate recoupment costs[]" pursuant to RCW 10.73.160, and named

18  the State of Washington and King County Prosecutor Daniel T. Satterberg as defendants.

19  (Dkt. 3.)   The parties consented to proceed before the undersigned and the Court reviewed the

20  proposed complaint.

21          As observed in an Order to Show Cause issued by the Court (Dkt. 11), any complaint

22  filed pursuant to the IFP provisions of 28 U.S.C. § 1915(a) is subject to a mandatory and sua

ORDER
PAGE -1

01  sponte review by the Court, and a dismissal is warranted if the Court finds the complaint is

02  "frivolous, malicious, fail[s] to state a claim upon which relief may be granted, or seek[s]

03  monetary relief from a defendant immune from such relief."   28 U.S.C. § 1915(e)(2)(B).

04  "[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners." *Calhoun v. Stahl*,

05  254 F.3d 845, 845 (9th Cir. 2001).   The Court identified deficiencies in the complaint and

06  directed plaintiff to show cause why his claims should not be dismissed.   (Dkt. 11.)   Plaintiff

07  subsequently submitted both a Motion to Amend Complaint and Add Defendants (Dkt. 13) and

08  a Response to the Order to Show Cause (Dkt. 15).[1]

09          In order to sustain a § 1983 claim, plaintiff must show (1) that he suffered a violation of

10  rights protected by the Constitution or created by federal statute, and (2) that the violation was

11  proximately caused by a person acting under color of state or federal law.   *West v. Atkins*, 487

12  U.S. 42, 48 (1988); *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).   Now, having

13  considered plaintiff's submissions and the remainder of the record, the Court finds no basis for

14  the proposed amendment and concludes this matter should be dismissed.

15  A.      Eleventh Amendment

16          "The Eleventh Amendment prohibits federal courts from hearing suits brought against

17  an unconsenting state."   *Brooks v. Sulphur Springs Valley Elec. Coop.*, 951 F.2d 1050, 1053

18  (9th Cir. 1991) (cited sources omitted).   *Accord Will v. Michigan Dep't of State Police*, 491

19  U.S. 58, 66 (1989).   This jurisdictional bar extends to state agencies and departments, and

20

21          1 Plaintiff did not submit a proposed amended complaint with his motion to amend.   A motion
    to amend not accompanied by a proposed amended complaint is procedurally deficient and typically not
22  considered by the Court.   However, in order to thoroughly address plaintiff's case, the Court also herein
    considers the motion to amend.

01  applies whether legal or equitable relief is sought.   *Brooks*, 951 F.2d at 1053 (citing *Pennhurst*

02  *State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984)).   *See also California Franchise*

03  *Tax Bd. v. Jackson*, 184 F.3d 1046, 1048 (9th Cir. 1999) (Eleventh Amendment immunity "can

04  be raised by a party at any time during judicial proceedings or by the court sua sponte.") (cited

05  cases omitted).   Further, a state is not "person" within the meaning of § 1983.   *Will*, 491 U.S.

06  at 65-66; *Doe v. Lawrence Livermore Nat'l Lab.*, 131 F.3d 836, 839 (9th Cir. 1997).

07          Plaintiff named the State of Washington as a defendant.   He now appears to argue that

08  his claims against the State of Washington are not barred by the Eleventh Amendment in that he

09  seeks only prospective damages from the State.   This argument fails.   While the doctrine of

10  *Ex Parte Young*, 209 U.S. 123 (1908), allows for suits for prospective declaratory or injunctive

11  relief against *state officials* in their official capacity, *Lawrence Livermore Nat'l Lab.*, 131 F.3d

12  at 839, plaintiff named no such defendant in this action.   Outside of this narrow exception, the

13  Eleventh Amendment bars suits regardless of the relief sought.   *Pennhurst State Sch. & Hosp.*,

14  465 U.S. at 100-02.   Here, because plaintiff named only the State itself, his claims are

15  prohibited by the Eleventh Amendment.   *See S. Pac. Transp. Co. v. City of L.A.*, 922 F.2d 498,

16  508 (9th Cir. 1990) (plaintiff did not name state officials and since defendant named

17  undisputedly a state agency, claims are "prohibited by the eleventh amendment even though

18  they sought prospective relief."); *accord Brooks*, 951 F.2d at 1053, 1053 n.1.[2]

19  _____

20          2 Plaintiff also avers that the State of Washington does not enjoy Eleventh Amendment immunity from "common law or equitable remedies[.]"   (Dkt. 15 at 2.)   To the extent plaintiff seeks to allege violation of state law, the Court notes that the Eleventh Amendment bars suits in federal court

21  against states on the basis of violations of state law.   *See Pennhurst State Sch. & Hosp.*, 465 U.S. at 124-25; *Cholla Ready Mix, Inc. v. Civish*, 382 F.3d 969, 973-74 (9th Cir. 2004).   Moreover, as stated

22  above and discussed further below, a § 1983 claim requires a showing of a violation of rights protected by the federal Constitution or created by federal statute.

ORDER
PAGE -3

01    The Court further observes that, even if plaintiff had named a proper defendant, he sets

02 forth no basis for prospective relief.   Plaintiff's submissions to the Court make plain that the

03 appellate recoupment costs at issue were long ago collected.   (*See*, *e.g.*, Dkt. 3 at 1-2 (plaintiff

04 concedes he paid the $4,429.63 in appellate recoupment costs "on or about January 19,

05 2009-April 30, 2009," and Superior Court case summary attached reflects that accounts

06 receivable calling for payment of $4,429.63 in appellate costs was closed as of April 30, 2009

07 and that plaintiff's judgment was satisfied).)[3]   Plaintiff's assertion that he seeks to avoid future

08 enforcement of the state statute does not suffice to set forth a viable claim for prospective relief.

09    Plaintiff also attempts to evade the application of the Eleventh Amendment by stating

10 that "the named Defendant Washington State Office of Public Defense, is not a mere

11 'dependent instrumentality of the state[.]'"   (Dkt. 15 at 6.)   However, contrary to plaintiff's

12 contention, he did not name such an entity as a defendant in his complaint or seek to add such a

13 defendant in his motion to amend.   (*See* Dkts. 3 & 13.)

14    Nor is there any basis for concluding the Eleventh Amendment would not also bar suit

15 against the Washington State Office of Public Defense (OPD).   As stated above, the Eleventh

16

17    3 The documentation submitted by plaintiff also raises a potential statute of limitations defense.
18 Federal courts apply the forum state's personal injury statute of limitations to § 1983 claims.   *See Wilson v. Garcia*, 471 U.S. 261, 276 (1985).   A three year statute of limitations applies in Washington. RCW § 4.16.080; *RK Ventures, Inc. v. City of Seattle*, 307 F.3d 1045, 1058 (9th Cir. 2002).   A § 1983
19 action accrues and the statute of limitations begins to run when a plaintiff knows or has reason to know of the injury which is the basis of his or her action.   *Bagley v. CMC Real Estate Corp.*, 925 F.2d 758,
20 760 (9th Cir. 1991).   Documentation submitted by plaintiff reveals that he was well aware of the appellate recoupment costs at least as early as August 8, 2008, more than three years prior to the filing
21 of his complaint in this Court on April 26, 2012.   (*See* Dkt. 15 at 14 (letter to plaintiff dated August 8, 2008 responding to plaintiff's "voice mail messages inquiring into how to roll back the appellate costs that have been assessed against you[.]"))   (*See also* Dkt. 1 at 2 (Superior Court case summary indicating
22 mandate issued for $4,429.63 in costs on August 20, 2008 and accounts receivable created on August 26, 2008).)

ORDER
PAGE -4

01     Amendment bars suit against any state agencies or departments, *Brooks*, 951 F.2d at 1053, as

02     well as claims against arms or "dependent instrumentalities of the state."  *Cerrato v. San*

03     *Francisco Comty. Coll. Dist*., 26 F.3d 968, 972 (9th Cir. 1994) (citing *Pennhurst State Sch. &*

04     *Hosp.*, 465 U.S. 89).   The OPD appears to be, on its face, an agency or department of the State

05     of Washington and, therefore, immune under the Eleventh Amendment.  *See, e.g.*, *Greater Los*

06     *Angeles Council on Deafness v. Zolin*, 812 F.2d 1103, 1110 (9th Cir. 1987) (suit against state

07     superior court barred by Eleventh Amendment:  "The official name of the court is the Superior

08     Court of the State of California; its geographical location within any particular county cannot

09     change the fact that the court derives its power from the State and is ultimately regulated by the

10     State.  Judges are appointed by California's governor, and their salaries are established and

11     paid by the State.")  At the least, the OPD would be considered an arm or dependent

12     instrumentality of the State.  *See Mitchell v. Los Angeles Community College Dist.*, 861 F.2d

13     198, 201 (9th Cir. 1988) (applying five-factor test to determine whether a governmental agency

14     is an arm of the state: "whether a money judgment would be satisfied out of state funds, whether

15     the entity performs central governmental functions, whether the entity may sue or be sued,

16     whether the entity has the power to take property in its own name or only the name of the state,

17     and the corporate status of the entity."; finding California Community College District a

18     dependent instrumentality of the State protected by the Eleventh Amendment).  Accordingly,

19     even if plaintiff had named OPD as a defendant, his claims against that entity would be barred

20     by the Eleventh Amendment.  For this reason, and for the reasons stated above, the Eleventh

21     Amendment precludes plaintiff's claims against State defendants.

22     / / /

ORDER
PAGE -5

01   B.      Prosecutorial Immunity

02        Section 1983 claims for monetary damages against prosecutors are barred by absolute

03   prosecutorial immunity.  *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976).   Prosecutorial

04   immunity applies to conduct "intimately associated with the judicial phase of the criminal

05   process," protecting prosecutors when performing traditional activities related to the initiation

06   and presentation of criminal prosecutions.  *Id.*   Prosecutorial immunity extends to actions

07   during both the pre-trial and post-trial phase of the case.  *Demery v. Kupperman*, 735 F.2d

08   1139, 1144-45 (9th Cir. 1984).

09        Plaintiff named King County Prosecutor Satterberg in his complaint and seeks to amend

10   his complaint by adding King County Prosecutors John McCurdy and Ann Marie Summers as

11   defendants.   As discussed below, plaintiff fails to provide support for the conclusion that these

12   individuals personally participated in causing the harm alleged in the complaint or that the harm

13   alleged constitutes harm of a constitutional dimension.   Nor is there any basis for concluding

14   that any conduct on their part would fall outside the realm of traditional, prosecutorial conduct

15   protected by prosecutorial immunity.   Therefore, plaintiff's claims against the prosecutors are

16   subject to dismissal.

17   C.      All Individual Defendants

18        In addition to Satterberg and the other prosecutors discussed above, plaintiff seeks to

19   amend by adding as defendants both Joanne Moore, Director of the Washington State OPD, and

20   Barbara Miner, Director & Superior Court Clerk of the King County Department of Judicial

21   Administration.  (*See* Dkt. 13.)   However, plaintiff fails to sufficiently state claims against

22   any of these individuals.

ORDER
PAGE -6

01      A plaintiff in a § 1983 action must allege facts showing how individually named

02 defendants caused or personally participated in causing the harm alleged in the complaint.

03 *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981).   A plaintiff may not hold supervisory

04 personnel liable under § 1983 for constitutional deprivations under a theory of supervisory

05 liability.   *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).   Rather, a plaintiff must allege

06 that a defendant's own conduct violated the plaintiff's civil rights.

07      Here, plaintiff fails to sufficiently explain how Satterberg or any of the proposed

08 individual defendants caused or personally participated in causing the harm alleged in the

09 complaint.   His allegation of personal involvement remains conclusory and insufficient to

10 allow the Court to plausibly infer that the named and proposed individual defendants are liable

11 for the misconduct alleged.   *See Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).   Moreover, as

12 with the prosecutors, any potential claims against Moore and Miner face an additional hurdle,

13 as State officials are entitled to absolute immunity for their performance of quasi-prosecutorial

14 and quasi-judicial functions.   *Tamas v. DSHS*, 630 F.3d 833, 841-42 (9th Cir. 2010).   *See also*

15 *Mullis v. U.S. Bankr. Court*, 828 F.2d 1385, 1390 (9th Cir. 1987) (explaining that court clerks

16 have absolute quasi-judicial immunity from damages for civil rights violations when they

17 perform tasks that are an integral part of the judicial process).   For these reasons, plaintiff's

18 claims against Satterberg and the other proposed individual defendants are subject to dismissal.

19 D.   <u>Constitutional Claims</u>

20      "[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a

21 method for vindicating federal rights elsewhere conferred.'"   *Graham v. Conner*, 490 U.S.

22 386, 393-94 (1989) (quoting *Baker v. McCollan*, 443 U.S. 137, 144, n. 3 (1979)).   Therefore,

01   as stated above, a § 1983 claim requires a showing that a plaintiff suffered a violation of rights

02   protected by the Constitution or created by federal statute.   *West*, 487 U.S. at 48; *Crumpton*,

03   947 F.2d at 1420.

04          Plaintiff here avers the collection of the appellate recoupment costs following his appeal

05   violated the Fourth, Fifth, Sixth, Fourteenth, and Twenty-Fourth Amendments to the United

06   States Constitution.   However, in addition to the fact that plaintiff fails to identify a viable

07   defendant, neither his complaint, his motion to amend, nor his response to the order to show

08   cause sets forth a basis for a viable constitutional claim.   His claims remain entirely and

09   insufficiently conclusory, consisting of no more than a bare allegation of the violation of his

10   constitutional rights.   (*See* Dkt. 3 at 1.)   Plaintiff, therefore, fails to set forth sufficient facts or

11   allegations supporting the existence of a claim of constitutional dimension.[4]   *See generally*

12   *Iqbal*, 556 U.S. at 678.

13                                    CONCLUSION

14          Because plaintiff is a *pro se* litigant, the Court allowed him the opportunity to explain

15   why his claims should not be dismissed and to remedy the deficiencies in his complaint.   The

16   Court advised plaintiff that, if he filed an amended complaint that failed to correct the identified

17

18          4 Nor is there any apparent basis for concluding that the facts as asserted by plaintiff implicate
      federal constitutional concerns.   For instance, while plaintiff could arguably allege a violation of his
      right to due process, any such claim appears foreclosed by evidence submitted by plaintiff
19    demonstrating he was provided with the opportunity to oppose the collection of the appellate costs.
      (*See* Dkt. 15 at 14 (August 8, 2008 letter to plaintiff from the Washington State OPD noting that he had
20    been provided "with forms for a remission of your cost bill[,]" that that "process is the way to get a
      judicial declaration that you do not have to pay costs," and encouraging plaintiff "to file for remission of
      costs."))   Indeed, the statute here challenged by plaintiff plainly allows for the opportunity to oppose
21    the imposition of costs.   RCW § 10.73.160(4) (defendant "may at any time petition the court that
      sentenced the defendant . . . for remission of the payments of costs or of any unpaid portion[]"; if
      determined that the payment would impose "manifest hardship" sentencing court may remit all or part of
22    amount due).

ORDER
PAGE -8

01    deficiencies, the Court may dismiss this matter under 28 U.S.C. § 1915(e)(2)(B)(ii).   Because

02    plaintiff fails to state a claim upon which relief can be granted and seeks monetary relief from

03    defendants immune from such relief, plaintiff's motion to amend (Dkt. 13) is DENIED and

04    plaintiff's claims are DISMISSED with prejudice pursuant to § 1915(e)(2)(B)(ii).

05          DATED this 30th day of November, 2012.

06

07                                        Mary Alice Theiler

08                                        United States Magistrate Judge

09

10

11

12

13

14

15

16

17

18

19

20

21

22

ORDER
PAGE -9